Filed 8/24/16  In re Isaiah S. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re ISAIAH S., a Person Coming Under the Juvenile Court Law. | H042774 (Santa Clara County Super. Ct. No. 315-JV41050A) |
| THE PEOPLE, Plaintiff and Respondent, v. ISAIAH S., Defendant and Appellant. | |

Appellant Isaiah S. contends that the no-contact probation conditions imposed by the juvenile court are unconstitutionally vague and overbroad because they lack knowledge requirements.  We modify the conditions to add knowledge requirements.

**I.  Background**

Isaiah and Maria C. had a romantic relationship from August 2012 to August 2013.  Maria became pregnant in the spring of 2013.  She suffered a miscarriage in August 2013, and they ended their relationship a week later.  After their relationship ended, their contact was limited to "Facebook" until October 2014.  Isaiah contacted

Maria in October 2014 saying he wanted to get back together, and they met in a park. This meeting did not result in a reconciliation. Maria thereafter "blocked him on Facebook."

One evening in November 2014, Maria encountered Isaiah near a bus stop close to her home. Isaiah called her name and pursued her. He caught up with her and accused her of causing her miscarriage. Maria told him to leave her alone and began crying. Isaiah punched her twice in the arm and slapped her on the lip. After she told him that she was going to "call the cops," he went away. Maria suffered a bruise to her arm and a cut on her lip. She told her mother about the incident that evening, and her mother called the police.

A temporary no-contact restraining order was issued. In March 2015, the court explained to Isaiah what the restraining order meant. "It's to keep you away from her." "In any way whatsoever, including social media and telephones and third parties. No contact at all. It is an order that you can be arrested for violating." Isaiah acknowledged that he understood this explanation.

At the jurisdictional hearing, Isaiah presented an alibi defense. Isaiah, his mother, his father, and his girlfriend testified that Isaiah was with them at his father's house at the time of the November 2014 incident. Isaiah testified that he had not seen Maria since their breakup in August 2013 and had had no contact with her in October or November 2014. Isaiah insisted that he had had no contact, personally, by text, or on Facebook, with Maria in the last year. He denied that he had blamed Maria for her miscarriage.

The court found that Isaiah had inflicted corporal injury on Maria (Pen. Code, § 273.5, subd. (a)) and declared the offense to be a felony. Isaiah was declared a ward and placed on probation. His probation conditions included the following: "16. That said subject shall have no personal, telephonic, electronic or written contact with the protected person; [¶] 17. That said subject shall have no contact with the protected person through a third party, except an attorney of record; [¶] 18. That said subject shall

2

not come within 300 yards of the protected person; [¶] 19. That said subject shall have no contact with the protected person without the written permission of the Probation Officer."[1] Isaiah did not object to any of these no-contact conditions.

The court also issued a three-year no-contact protective order to replace the temporary restraining order. "You are not to contact, threaten, stalk, or disturb her peace." In connection with the protective order, the court told Isaiah: "Your job is to get away from her. I've told you that before. Your job is to leave if she is close to you. So if she calls you, you hang up. If she comes to your door, you close the door. If you run into her accidentally in the grocery store, the movies, you leave." "You take all precautions to get away from her." Isaiah timely filed a notice of appeal.

## II. Analysis

Isaiah's sole contention on appeal is that the four no-contact probation conditions are unconstitutionally vague and overbroad because they lack knowledge requirements.[2] He claims that "they did not adequately protected [*sic*] Isaiah from unwittingly placing himself in violation of probation by unintentionally breaking the no-contact terms."

"The juvenile court has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) "[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.] ' "Even conditions which

---

[1] Maria testified at the jurisdictional hearing that she was afraid that Isaiah's girlfriend or "anybody he knows" might "jump[]" her "because I'm testifying."

[2] This issue is currently before the California Supreme Court in *In re A.S.* (2014) 227 Cal.App.4th 400, review granted Sept. 24, 2014, S220280.

3

infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile [citation].” ’ ” (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81-82, overruled on other grounds by *In re Jaime P.* (2006) 40 Cal.4th 128, 139.)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' ” (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' “*reasonable* specificity.” ’ ” (*Ibid.*) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid.*)

The overbreadth doctrine focuses on other, though related, concerns. "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Under this doctrine, " ‘ “a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.” ’ [Citations.]" (*In re Englebrecht* (1998) 67 Cal.App.4th 486, 497.) " ‘A law's overbreadth represents the failure of draftsmen to focus narrowly on tangible harms sought to be avoided, with the result that in some applications the law burdens activity which does not raise a sufficiently high probability of harm to governmental interests to justify the interference.' [Citation.]" (*Ibid.*)

4

Without a knowledge requirement, the no-contact probation conditions might be erroneously construed to apply to accidental contact. The purpose of these conditions is to avoid additional trauma to Maria that might result from contact with Isaiah. As the juvenile court explained to Isaiah in connection with the protective order, the contact prohibitions in the protective order require him to avoid Maria whenever he learns of her presence. The no-contact probation conditions serve the same purpose. Isaiah's constitutional rights would be unnecessarily burdened if he were required to avoid any area where Maria might possibly be present without his knowledge. Accordingly, we will modify the probation conditions.

### III.  Disposition

The four no-contact probation conditions are modified as follows: "16. That said subject shall not knowingly have any personal, telephonic, electronic or written contact with the protected person; [¶] 17. That said subject shall not knowingly have any contact with the protected person through a third party, except an attorney of record; [¶] 18. That said subject shall not knowingly come within 300 yards of the protected person; [¶] 19. That said subject shall not knowingly have any contact with the protected person without the written permission of the Probation Officer." As so modified, the juvenile court's order is affirmed.

_____
Mihara, J.

WE CONCUR:


_____
Elia, Acting P. J.



_____
Bamattre-Manoukian, J.




In re Isaiah S.
H042774

6